Ronald P. Oines (State Bar No. 145016)
E-mail: roines@rutan.com
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

Gerald Levy (*pro hac vice to be filed*)
E-mail: glevy@daypitney.com
Richard H. Brown (*pro hac vice to be filed*)
E-mail: rbrown@daypitney.com
DAY PITNEY LLP
7 Times Square
New York, New York 10036

Attorneys for Defendant
Brother International Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DISTRICT

| | |
|---|---|
| KORNIT DIGITAL LTD.<br><br>Plaintiff,<br><br>vs.<br><br>ALL AMERICAN MANUFACTURING & SUPPLY COMPANY; ANAJET, INC.; BELQUETTE, INC.; BROTHER INTERNATIONAL CORPORATION' EXPAND SYSTEMS, LLC; INTERNATIONAL DECORATING TECHNOLOGIES, LLC; INTERNATIONAL MACHINE GROUP INC.; M&R SALES AND SERVICES; MELCO INDUSTRIES, INC.; MESA DISTRIBUTORS, INC.; MS PRINTING SOLUTIONS USA; AND OMNIPRINT INTERNATIONAL, INC.<br>Defendants. | CASE NO. SACV 09-0689 AJG (MLGx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING ITS REQUEST TO REEXAMINE THE PATENT-IN-SUIT**<br><br>Hearing Date: January 11, 2010<br>Time: 10:00 a.m.<br>Ctrm: 10D<br>Hon. Andrew J. Guilford |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND .................................................................................................. 2

A. The Status Of The Litigation ......................................................................... 2

B. The '749 Patent And The Reexamination Request........................................ 2

ARGUMENT........................................................................................................ 4

A. Legal Standard ............................................................................................... 4

B. The Current Posture Of The Case Supports A Stay......................................... 6

C. A Stay Will Simplify The Issues In This Case ................................................ 7

D. A Stay Will Cause No Prejudice Or Disadvantage To Kornit ........................ 9

1. No Prejudice............................................................................................... 9

2. A Stay Would Not Result In A Disadvantage For Kornit......................... 10

CONCLUSION................................................................................................... 11

1

# TABLE OF AUTHORITIES

2

3                                                                          **Page(s)**

**Cases**

4

5   *Abbott Labs. v. Medtronic, Inc.,* No. C-09-4962 (DLJ),
      2009 U.S. Dist. LEXIS 29283, at *1 (N.D. Cal. Mar. 24, 2009) .......................... 5

6

7   *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F. Supp. 1378
      (N.D. Cal. 1994)................................................................................................ 5,6

8

9   *Brown v. Shimano Am. Corp.,* No. CV 88-6565 (WJR),
      1991 U.S. Dist. LEXIS, at *1 (C.D. Cal. Jan. 29, 1991) ....................................... 5

10

11  *DataQuill Limited v. High Tech Computer Corp.,* No. 08cv543 (IEG),
      2009 U.S. Dist. LEXIS 42178, at *1 (S.D. Cal. May 14, 2009) ........................ 5,9

12

13  *Ethicon, Inc. v. Quigg,* 849 F.2d 1422 (Fed. Cir. 1988).......................................... 4

14  *Guthy-Renker Fitness, LLC v. Icon Health and Fitness Inc.,*
      No. CV 97-7681 (LGB), 1998 U.S. Dist. LEXIS 16553, at *1
15    (C.D. Cal. July 15, 1998).............................................................................. 5, 6, 8

16

17  *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007)...................................... 8

18  *KLA-Tencor Corp. v. Nanometrics, Inc.,* No. C-05-03116 (JSW),
      2006 U.S. Dist. LEXIS 15754, at *1 (N.D. Cal. Mar. 16, 2006) ........................... 6

19

20  *Landis v. N. Am. Co.,* 299 U.S. 248 (1936) ............................................................. 5

21  *Nanometrics, Inc. v. Nova Measuring Instruments, LTD.,*
      No. C 06-2252 (SBA), 2007 U.S. Dist. LEXIS 18785, at *1
22    (N.D. Cal. Feb. 26, 2007) ......................................................................... 5, 6, 10
23

24  *Proctor & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842
      (Fed. Cir. 2008)..................................................................................................... 4
25

26  *Research in Motion, Ltd. v. Visto Corp.,*
      545 F. Supp. 2d 1011 (N.D. Cal. 2008).................................................................. 9
27

28

CASE NO. SACV 09-0689 AG (MLGx)
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BIC'S MOTION TO STAY

*Ricoh Co., LTD v. Aeroflex Inc.,* C 03-4669 (MJJ),
  2006 U.S. Dist. LEXIS 93756, at *1 (N.D. Cal. Dec. 15, 2006)............................ 7

*SKF Condition Monitoring, Inc. v. SAT Corp.,* No. 07 CV 1116 (BTM),
  2008 U.S. Dist. LEXIS 24310, at *1 (S.D. Cal. Feb. 26, 2008)............................ 9

*Sorensen v. The Black & Decker Corp.,* No. 06cv1572 (CAB),
  2007 U.S. Dist. LEXIS 66712, at *1 (N.D. Cal. Sept. 10, 2007)........................ 5,9

*Speedtrack, Inc. v. Wal-Mart.com USA, LLC,* No. C 06-7336 (PJH),
  2009 U.S. Dist. LEXIS 8564, at *1 (N.D. Cal. Feb. 5, 2009) ............................... 9

*TGIP, Inc. v. AT&T Corp.,* 527 F. Supp. 2d 561 (E.D. Tx. 2007) .......................... 8

*Yodlee, Inc. v. Ablaise Ltd.,* No. C-06-07222 (SBA),
  2009 U.S. Dist. LEXIS, at *1, (N.D. Cal. Jan. 15, 2009)...................................... 3

**Statutes**

35 U.S.C. § 101 ............................................................................................. 2

35 U.S.C. § 102 ............................................................................................. 2

35 U.S.C. § 103 ............................................................................................. 2

35 U.S.C. § 112 ............................................................................................. 2

35 U.S.C. § 301 ............................................................................................. 3

35 U.S.C. § 302 ............................................................................................. 3

35 U.S.C. § 305 ........................................................................................... 10

iii

1

## PRELIMINARY STATEMENT

2     Defendant Brother International Corporation ("BIC") submits this
3  memorandum in support of its motion to stay this case pending resolution of
4  BIC's pending request to the United States Patent and Trademark Office ("PTO")
5  for reexamination of United States Patent No. 7,134,749 ("the '749 patent"), the
6  patent asserted by Plaintiff Kornit Digital Ltd. ("Plaintiff" or "Kornit") in this
7  case.  On November 30, 2009, BIC requested that the PTO reexamine the '749
8  patent in light of three pieces of prior art, two of which had not been before the
9  PTO when the patent issued.  The prior art cited in BIC's reexamination request
10  creates substantial new questions of patentability, and should result in a
11  cancellation of all claims of the patent.  Because the invalidity of Kornit's patent
12  claims is a central issue in this case, the appropriate and efficient course of action
13  is to allow the PTO time to consider key prior art, some of which was not before
14  it.  Staying this case pending PTO action on the reexamination request and the
15  outcome of any resulting reexamination proceedings would:  a) enable the PTO to
16  perform its expert administrative role; and b) promote judicial economy by
17  potentially saving on a litigation that is still in its early stages and may be moot if
18  the PTO cancels the claims as a result of the reexamination.

19

20

21

22

23

24

25

26

27

28

CASE NO. SACV 09-0689 AG (MLGx)
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BIC'S MOTION TO STAY

## BACKGROUND

**A.     The Status Of The Litigation.**

On or about June 10, 2009, Kornit filed this action, alleging that BIC, among other defendants, infringe the '749 patent.  (Declaration of Richard H. Brown ("Brown Dec."), ¶2.)  Kornit's complaint does not specify which claims of the '749 patent are supposedly infringed by BIC.  (See Complaint, Docket No. 1.) Kornit did not effect service of the Complaint until on or about September 28, 2009, and BIC and Kornit agreed to an extension of BIC's deadline to respond to the Complaint pending efforts to resolve the matter.   BIC filed an answer on December 14, 2009, asserting various defenses and counterclaims, including that the '749 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and 112.  (Brown Dec. ¶4.)  Review of the docket on December 14, 2009, indicated that five of the ten defendants have only recently answered the Complaint.   There has been no initial conference.   BIC and Kornit have not exchanged initial disclosures or any other discovery requests.

**B.     The '749 Patent And The Reexamination Request**.

The '749 patent issued on November 14, 2006, and purports to disclose a method and apparatus for color printing on dark textile pieces.  (Brown Dec., Ex. A.)  The '749 patent contains seven claims.

On November 30, 2009,[1] BIC filed a request for *ex parte* reexamination of all seven claims of the '749 patent ("Reexamination Request").[2]  (Brown Dec. Ex.

---

[1] As discussed *infra*. at 8, shortly after Kornit served its Complaint, the parties entered into an agreement whereby BIC agreed not to file a reexamination request pending settlement discussions. (Kornit agreed to an extension of time for BIC to respond to the Complaint).  Shortly after the parties broke off settlement discussions, BIC filed its Reexamination Request. (Brown Dec., ¶6.)

[2] "Re-examination is a procedure by which any person can request that the PTO re-examine or re-evaluate the patentability of an unexpired United States patent."

1    B.)  There are three pieces of prior art identified in the Reexamination Request

2    that establish substantial new questions of patentability.  (Id.)

3          First, reexamination was requested with respect to claims 1-7 of the '749

4    patent in light of the earlier European Patent Application EP1281533 to Shimoda

5    et al. ("Shimoda EP '533"), which claims priority from and incorporates by

6    reference, Japanese Publication JP10-278379 to Shimoda et al. ("Shimoda JP

7    '379").  (Ex. B, pgs 51-65 and 67-97.)[3]  Shimoda EP '533 is material prior art

8    presenting a substantially new question of patentability because it discloses the

9    use of "Boehmite," which is a white pigment, as a "surface modifier" to be

10   applied to an image area of a recording medium by an ink jet printer prior to color

11   printing an image over the image area with the ink jet printer.   In the

12   Reexamination Request, BIC demonstrates that Shimoda EP '533 anticipates each

13   claim of the '749 patent.

14         Second, reexamination was requested with respect to claims 1-7 of the '749

15   patent in light of Shimoda EP '533 in combination with an earlier Japanese

16   Publication JP9-39365 to Mitsui et al. ("Mitsui JP '365").  (Ex. B, pgs 99-119.)

17

18

19   _____

20   *Yodlee, Inc. v. Ablaise Ltd.,* No. C-06-07222 (SBA), 2009 U.S. Dist. LEXIS

21   5429, at *5-6 (N.D. Cal. Jan. 15, 2009) (citing 35 U.S.C. § 302).  Reexamination

22   requests must be based on documentary prior art in the form of patents or printed

     publications. 35 U.S.C. §§ 301-02.  A reexamination request can be filed at any

23   time. *Id.* at § 302.

24   [3] Although the Untied States Patent counterpart to Shimoda '533, Untied States

25   Patent No. 6,126,281 ("Shimoda '281"), was considered by the PTO during

     prosecution of the '749 patent, there was a substantial error in translation of

26   Shimoda '281. Shimoda '281 as considered by the PTO uses the term "Bakelite"

     in place of the term "Boehmite."  The term "Boehmite" appears in both Shimoda

27   EP '533 and Shimoda JP '379. The use of "Bakelite" in place of "Boehmite" in

28   Shimoda '281 is an error.

Mitsui JP '365 is new prior art that was not considered by the PTO during prosecution of the '749 patent. It is non-cumulative prior art because no other reference before the PTO during prosecution disclosed printing an opaque white ink layer over a designated area of a dark colored fabric and, thereafter, printing a colored ink layer over the white ink layer. Mitsui JP '365 is material prior art presenting a substantially new question of patentability, as it, in view of Shimoda EP '533, renders each claim of the '749 patent obvious. (Ex. B, pg. 24.)

Third, reexamination was requested with respect to claims 1-7 of the '749 patent in light of Shimoda EP '533 in combination with a prior art Japanese Publication JP5-293954 to Nishikawa ("Nishikawa JP '954"). (Ex. B, pgs. 120-152.) Nishikawa JP '954 is new prior art that was not considered by the PTO during prosecution of the '749 patent. It is non-cumulative prior art because no other reference before the PTO during prosecution disclosed a printing apparatus for digitally printing an opaque white ink layer over a designated area of a print medium and, thereafter, a colored ink layer over the white ink layer as disclosed in Nishikawa JP '954. As set forth in the Reexamination Request, Nishikawa JP '954, in-combination with Shimoda EP '533, renders claims 1-7 of the '749 patent obvious. (Ex. B. pg. 25.)

## ARGUMENT

### A.   Legal Standard.

"Courts have inherent power to manage their dockets and stay proceedings." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Id.* at 1427 (citation omitted); *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (noting that the Federal Circuit has "consistently

1   recognized the inherent power of the district courts to grant a stay pending
2   reexamination of a patent").

3        It has been noted that a Congressional goal in establishing the
4   reexamination process is to "shift the burden or reexamination of patent validity
5   from the courts to the PTO." *Nanometrics, Inc. v. Nova Measuring Instruments,*
6   *LTD.,* No. C 06-2252 (SBA), 2007 U.S. Dist. LEXIS 18785, at *3 (N.D. Cal. Feb.
7   26, 2007) (citations and quotations omitted).  Courts recognize that there is "a
8   liberal policy in favor of granting motions to stay proceedings pending the
9   outcome" of reexamination proceedings. *ASCII Corp. v. STD Entm't USA, Inc.,*
10  844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (citations omitted).  This policy is
11  especially employed "in cases that are still in the initial stages of litigation and
12  where there has been little or no discovery." *Nanometrics, Inc.,* 2007 U.S. Dist.
13  LEXIS 18785 at *4.

14       Acknowledging the efficiencies to be gained, courts in this Circuit have
15  stayed litigation pending patent reexaminations. *See Nanometrics, Inc.,* 2007
16  U.S. Dist. LEXIS 18785, at *11; *Guthy-Renker Fitness, LLC v. Icon Health and*
17  *Fitness Inc.,* No. CV 97-7681 (LGB), 1998 U.S. Dist. LEXIS 16553, at *5 (C.D.
18  Cal. July 15, 1998); *Brown v. Shimano Am. Corp.,* No. CV 88-6565 (WJR), 1991
19  U.S. Dist. LEXIS 9431, at *1 (C.D. Cal. Jan. 29, 1991); *Sorensen v. The Black &*
20  *Decker Corp.,* No. 06cv1572 (CAB), 2007 U.S. Dist. LEXIS 66712, at *3 (N.D.
21  Cal. Sept. 10, 2007); *DataQuill Limited v. High Tech Computer Corp.,* No.
22  08cv543 (IEG), 2009 U.S. Dist. LEXIS 42178, at *12 (S.D. Cal. May 14, 2009);
23  *Abbott Labs. v. Medtronic, Inc.,* No. C-08-4962 (DLJ), 2009 U.S. Dist. LEXIS
24  29283, at *11 (N.D. Cal. Mar. 24, 2009).

25       In determining whether to grant a stay pending reexamination, courts
26  consider three factors: "(1) whether discovery is complete and whether a trial
27  date has been set; (2) whether a stay will simplify the issues in question and trial

28

of the case, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Nanometrics, Inc.,* 2007 U.S. Dist. LEXIS 18785 at *4.

**B.     The Current Posture Of The Case Supports A Stay.**

BIC makes this request for a stay before there has been any significant activity in this matter, as only some defendants have filed answers to the Complaint. There has not yet been a case management conference to get a discovery schedule. The case, therefore, is in its infancy. BIC and Kornit have not exchanged initial disclosures nor any other discovery requests. A motion for a stay is especially appropriate when filed in the early stage of the case. *See Nanometrics, Inc.,* 2007 U.S. Dist. LEXIS 18785 at *6 (granting a stay where parties had only exchanged initial disclosures); *KLA-Tencor Corp. v. Nanometrics, Inc.,* No. C-05-03116 (JSW), 2006 U.S. Dist. LEXIS 15754, at *2 (N.D. Cal. Mar. 16, 2006) (granting stay where discovery had just begun); *ASCII Corp.,* 844 F. Supp. at 1381 (granting stay where the parties had undertaken little or no discovery); *Guthy-Renker Fitness, LLC,* 1998 U.S. Dist. LEXIS 16553, at *5 (granting stay where case was in its incipient stages). Here, there has been no discovery or any activity beyond the initial pleading stage, which favors granting BIC's motion for a stay.

BIC filed its Reexamination Request, and this motion to stay, as soon as it was able to do so. In early October 2009, only days after BIC was served with Kornit's Complaint, BIC and Kornit entered into an agreement whereby BIC agreed not to file its Reexamination Request while the parties attempted to negotiate a settlement. (Kornit agreed that BIC could have an extension of time to file its response to the Complaint). Shortly after the parties broke off settlement discussions, BIC filed its Reexamination Request. (Brown Dec., ¶6.)

**C.    A Stay Will Simplify The Issues In This Case.**

Courts recognize that a stay is particularly justified where the reexamination's disposition would likely assist the court in determining patent validity, and would eliminate the need to resolve infringement if the claims were cancelled as a result of the reexamination. *Ricoh Co., LTD v. Aeroflex Inc.,* C 03-4669 (MJJ), 2006 U.S. Dist. LEXIS 93756, at *12 (N.D. Cal. Dec. 15, 2006). In this case, with one patent asserted there can be no doubt that if the claims of the '749 patent are cancelled as a result of the reexamination, this litigation will be rendered moot. *Nanometrics, Inc.,* 2007 U.S. Dist. LEXIS 18785 at *6 ("[A] decision by the PTO that the reexamined claims of an issued patent are canceled as unpatentable renders the claims unenforceable in the pending litigation and in any future disputes.").

There are several potential outcomes if the PTO grants the Reexamination Request.[4] First, the patent claims may be cancelled, in whole or in part, if the PTO finds that they are invalid. The efficiencies of a PTO decision that the claims of the '749 patent are invalid is self-evident. It would essentially moot Kornit's patent infringement claim and conserve resources of the Court and all parties involved. It will also further the Congressional intent behind the reexamination provision in the Patent Act that permits use of the PTO's specialized expertise to reduce costly and time consuming litigation. *Nanometrics, Inc.,* 2007 U.S. Dist. LEXIS 18785 at *3.

---

[4] While the Reexamination Request could be denied, that is unlikely given that two of the three pieces of prior art referenced in the Reexamination Request were not before the PTO during prosecution of the '749 patent. Indeed, the PTO has granted 92% of *ex parte* reexamination requests. (Brown Dec., Ex. C. pg. 179.) Even if BIC's Reexamination Request were denied, this would likely be known by March 2010, so a stay could be vacated with little effect on the overall schedule of the case.

CASE NO. SACV 09-0689 AG (MLGx)
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BIC'S MOTION TO STAY

1    Second, a reexamination proceeding could result in a decision that leads to
2  narrowing of one or more of the patent claims.   The possibility of such an
3  outcome also favors granting a stay, for it would not have the parties invest time
4  and resources in discovery requests, infringement and invalidity contentions, the
5  claim construction process, and other fact and expert discovery only to have the
6  scope of the patent claims altered as a result of a reexamination.   At this early
7  stage of the litigation, Kornit has not even disclosed which claims of the '749
8  patent it is asserting against BIC.   It makes little sense for the parties and the
9  Court to devote resources towards the various activities described above in light
10  of the possibility that much of the work might have to be redone.

11    A third possible outcome is that all of the patent claims could survive
12  reexamination with no modification.   As a matter of statistics, this is not the most
13  likely outcome, for 75% of *ex parte* reexaminations result in cancellations or
14  changes to the patent claims.   (Brown Dec., Ex. C, pg. 1801.)   However, in
15  instances where no modifications are made, a stay can still result in efficiencies.
16  If, for example, the PTO initially rejects Kornit's patent claims in light of the
17  prior art, that action might have a bearing on the ongoing viability of Kornit's
18  willful infringement claims.   *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir.
19  2007) (requiring plaintiff to demonstrate "objective recklessness" to prove
20  willfulness), *cert. denied,* 128 S. Ct. 1445 (U.S. 2008); *TGIP, Inc. v. AT&T*
21  *Corp.,* 527 F. Supp. 2d 561, 562 (E.D. Tx. 2007) (reexamination among the
22  factors considered by the court in reversing the jury's finding of willfulness).

23    If the PTO grants the Reexamination Request and the patent is reexamined,
24  the outcome of the reexamination would likely simplify the issues in the case, and
25  one outcome disposes of Kornit's claims altogether.   In any event, whether patent
26  claims are cancelled, modified, or emerge unchanged as part of the reexamination
27  process, the Court can be guided by the PTO's determination.   *See Guthy-Renker*

28

CASE NO. SACV 09-0689 AG (MLGx)
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BIC'S MOTION TO STAY

*Fitness, LLC,* 1998 U.S. Dist. LEXIS 16553 at *6 (granting stay because "waiting until after the reexamination will provide [the] Court with the expertise of the PTO"). In light of the early stage of the proceedings, there is nothing to be lost and efficiencies to be gained by staying this matter pending a decision on the Reexamination Request.

**D.     A Stay Will Cause No Prejudice Or Disadvantage To Kornit.**

**1.     No Prejudice.**

A stay pending the reexamination would not prejudice Kornit, which filed its Complaint in June and has not sought a preliminary injunction (notwithstanding its prayer for relief). Thus, if Kornit were to ultimately prevail on liability, it can pursue its claim for money damages, which, if warranted, can easily be awarded after a stay. *See DataQuill Limited,* 2009 U.S. Dist. LEXIS 42178 at *8; *SKF Condition Monitoring Inc. v. SAT Corp.,* No. 07 CV 1116 (BTM), 2008 U.S. Dist. LEXIS 24310, at *19 (S.D. Cal. Feb. 26. 2008) ("Where Plaintiffs have an adequate remedy at law, there is no undue prejudice.") (internal quotations and citations omitted); *Speedtrack, Inc. v. Wal-Mart.com USA, LLC,* No. C 06-7336 (PJH), 2009 U.S. Dist. LEXIS 8564, at *6 (N.D. Cal. Feb. 5, 2009) (court finds that money damages would adequately compensate plaintiff in the event that the PTO finds the relevant claims valid over the prior art references).

Obviously, a stay would delay the start of proceedings (beyond the pleading stage) in the litigation, but courts recognize that mere delay in the litigation is insufficient to defeat a stay request, as some delay is a feature common to all stayed cases. *Research in Motion, Ltd. v. Visto Corp.,* 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008). As a consequence, the inherent delay due to the reexamination process does not constitute undue prejudice. *Sorensen,* 2007 U.S. Dist. LEXIS 66712 at *14 ("Protracted delay is always a risk inherent in

CASE NO. SACV 09-0689 AG (MLGx)
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BIC'S MOTION TO STAY

1   granting a stay, yet courts continue to stay actions pending reexamination. The
2   general prejudice of having to wait for resolution is not a persuasive reason to
3   deny the motion for stay.")  Further, this case involves a single patent, and the
4   reexamination request is targeted to all claims of the '749 patent. Thus, "[s]ome
5   delay is more than off-set by increased certainty of whether this single patent will
6   survive re-examination and whether there will be any need for litigation."
7   *Nanometrics, Inc.,* 2007 U.S. Dist. LEXIS 18785 at *10.

8          Moreover, all reexamination proceedings are to be "conducted with special
9   dispatch."  35 U.S.C. § 305.  Cumulative statistics from the PTO through
10  September 30, 2009, indicate that the average pendency of *ex parte*
11  reexaminations is only 25.2 months from filing, with a median pendency of 19.7
12  months.  (Brown Dec., Ex. C, 180.)  This motion for a stay is tied to a specific
13  event that is certain to occur.

14         Failing to enter a stay could potentially prejudice BIC.  During the patent
15  reexamination process, the PTO is not bound by any determinations of this Court.
16  *Sorenson,* 2007 U.S. Dist. LEXIS 66712 at *14-15.  Thus, BIC and Kornit could
17  litigate Kornit's infringement claims and the PTO could later determine the patent
18  to be invalid.  This creates prejudice to BIC, not to Kornit.  *Id.* ("Because [the
19  PTO is not bound in its reexamination by determinations of the Court], the Court
20  finds that not only is Plaintiff unlikely to be prejudiced in these proceedings by a
21  stay pending the PTO reexamination, but Defendants would potentially be
22  prejudiced by *failing* to enter a stay.") (emphasis in original).

23         **2.    A Stay Would Not Result In A Disadvantage For Kornit.**

24         A stay would not put Kornit at any disadvantage, let alone a clear tactical
25  disadvantage discussed in the relevant case law.  Discovery has not even
26  commenced in this case, and not all parties have even answered.  The parties who
27  have been notified of the case are on notice of the claim and, therefore, should

28

preserve documents relevant to this litigation, so Kornit cannot be heard to complain that a stay will result in the loss of evidence. Once the reexamination is concluded, the parties should be able to efficiently proceed with the litigation, if it is not otherwise mooted by the outcome of the reexamination.

The efficiencies in staying this matter to allow the PTO to resolve the reexamination outweigh any disadvantage to Kornit.

## CONCLUSION

For the foregoing reasons, Defendant BIC respectfully requests that the Court stay these proceedings pending determination on its request to reexamine the '749 patent.

Dated:  December 14, 2009          RUTAN & TUCKER, LLP
                                   RONALD P. OINES

                                   DAY PITNEY LLP
                                   GERALD LEVY
                                   RICHARD H. BROWN


                                   By:    /s/ Ronald P. Oines
                                            Ronald P. Oines
                                   Attorneys for Defendant
                                   Brother International Corporation

CASE NO. SACV 09-0689 AG (MLGx)
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BIC'S MOTION TO STAY